Xiao v. Garland

BIA
A079 393 935

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty-one.

PRESENT:
   JON O. NEWMAN,
   JOHN M. WALKER, JR.,
   SUSAN L. CARNEY,
    *Circuit Judges.*

_____

ZHA BI XIAO,
   *Petitioner*,

   v.            **19-2186**
                  **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
   *Respondent*.

_____

FOR PETITIONER:   Jean Wang, Esq., Wang Law Office, PLLC, Flushing, NY.

FOR RESPONDENT:   Joseph H. Hunt, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Deitz P. Lefort, Trial Attorney, Office of Immigration

Litigation, United States
Department of Justice, Washington,
DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Zha Bi Xiao, a native and citizen of the People's Republic of China, seeks review of a July 12, 2019, decision of the BIA denying Xiao's motion to reopen. *In re Zha Bi Xiao,* No. A 079 393 935 (B.I.A. July 12, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the denial of a motion to reopen for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008). Xiao asked the BIA to reopen her proceedings to allow her to apply for cancellation of removal in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). A non-permanent resident, like Xiao, may apply for cancellation if, among other requirements, she has accrued 10 years of physical presence in the United States. 8 U.S.C. § 1229b(b)(1)(A). The accrual of presence stops upon service of a notice to appear ("NTA"). *Id.* § 1229b(d)(1). In *Pereira*, the Supreme

2

Court held that the Immigration and Nationality Act unambiguously requires an NTA to include a hearing time and place to trigger this stop-time rule. 138 S. Ct. at 2113-20. After *Pereira*, the BIA held that where an NTA omits the information, the accrual of time stops when the missing information is provided in a hearing notice. *Matter of Mendoza-Hernandez & Capula-Cortes*, 27 I. & N. Dec. 520 (B.I.A. 2019). The BIA relied on this decision to find the "stop-time rule" was not at issue in Xiao's case because her July 2001 NTA was perfected by a September 2001 hearing notice, which stopped her accrual of presence. The Supreme Court has since clarified that an NTA that does not contain a hearing date and time as required in 8 U.S.C. § 1229(a) is not cured for purposes of the stop-time rule by a subsequent notice of hearing that provides the missing information. *See Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1480-82 (2021). The Government's argument that Xiao's removal order stopped her accrual of presence is an issue for the BIA to address in the first instance because our review is limited to the reasons given by the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

4